**G. H. LOVE, Inc., v. FLEMING.**

No. 11149.

Circuit Court of Appeals, Ninth Circuit.

May 3, 1947.

Morris Lavine, of Los Angeles, Cal., for appellant.

George Moncharsh, Deputy Adm., for Enforcement, and David London, Director, Litigation Div., OPA., both of Washington, D. C., OTC, William B. Wetherall, Reg. Lit. Atty., and Cecil F. Poole, Chief, Regional Briefing and Appellate Unit, OPA OTC, both of San Francisco, Cal., for appellee.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

G. H. Love, Inc., the respondent in the trial court and appellant here, is a California corporation, doing a retail business in new and second-hand furniture and household furnishings. An order was issued by the District Court of the United States, Southern District of California, requiring the appellant to permit an inspection and copying of records and other documents of the corporation, described in the inspection requirement by the investigators of the Los Angeles District Office of the Office of Price Administration. The respondent appeals.

Appellant contends that the only authority to inspect its records is by the issuance of a subpoena duces tecum.

On or about November 28, 1944, the Administrator began an investigation to determine whether the appellant had complied with the provisions of the Emergency Price Control Act and the Regulations thereunder. 50 U.S.C.A.Appendix, § 901 et seq. In course of the investigation, information relative to process charged for commodities sold by appellant was sought from an inspection of the records required to be kept by the act. An inspection requirement was issued and served, to the effect that appellant should direct and permit investigators to inspect the records. Appellant refused to direct or to permit the inspection.

The questions presented to this court are: (1) Whether the trial court had jurisdiction to enforce an inspection require-

ment by an Order of Inspection; and (2) whether service of the inspection requirement on a person who is the general manager and in actual charge of the business of the corporation is sufficient to give the court jurisdiction over the corporation for purposes of an order requiring the corporation to submit its records for inspection under the Act.

■ The Administrator is authorized under the Act to make investigations and to obtain necessary information for the enforcement of the act. Section 202(a), 50 U.S.C.A.Appendix, § 922(a). He is authorized to require the making and keeping of certain records and other documents as to which he may require inspection, and he may thereafter copy such records as kept, and if it be necessary he may subpoena parties to appear or to appear and produce documents at a designated place. Section 202(b), 50 U.S.C.A.Appendix, § 922(b). If the person has violated or is violating any provision of section 4 of the act, 50 U.S. C.A.Appendix, § 904(a), the Administrator may apply to a court for an order enjoining such acts or practices or for an order enforcing compliance with such provision. Section 205(a), 50 U.S.C.A.Appendix, § 925(a). Section 4(a), 50 U.S.C.A.Appendix, § 904(a), of the act states that it shall be unlawful to do or omit to do an act in violation of any regulation, order, or requirement under section 202(b). In construing these sections as different but related parts of a single act, we are of the opinion that the facts show a violation as to the requirement of inspection and that, therefore, the order of court issued to enforce compliance was proper.

The appellant argues that if there be a noncompliance with the inspection requirement, enforcement may be had only through a subpoena. We do not find such limitation in the statute. The section reads in part as follows: "* * * and he may require any such person to permit the inspection and copying of records and other documents * * *. The Administrator may administer oaths and affirmations and may, whenever necessary, by subpoena require any such person to appear and testify or to appear and produce documents, or both, at any designated place." He may get enforcement of the inspection requirement by Order of Court under section 205(a), which in part states: "Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act (which makes it unlawful to violate the above section), he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond." The appellant refused to permit an inspection, hence the order of inspection was applied for and granted. The Administrator is not asking that the appellant produce the documents at any particular place, but rather that he permit an inspection of the records without removing them from their customary place. The act need not state the procedure as to how the appellee is to go to court and ask for an order of inspection, as contended by appellant, but merely that the right is provided.

The district court had jurisdiction to enforce the inspection requirement, and the appellee pursued the course of action allowed by the act, requesting an order of compliance with the inspection provision. See Bowles v. Abendroth, 9 Cir., 1945, 151 F.2d 407; Bowles v. Northwest Poultry etc., 9 Cir., 1946, 153 F.2d 32.

■ The next question involves the sufficiency of service upon the appellant. The testimony confirms the conclusion that Edward Schwartz, the man who was served, was the general manager and had control over and charge of the business, and worked on the books of the corporation. The service on the corporation through Schwartz was proper. Appellant contends that the secretary, as custodian of the books and records of a corporation, is the only party that may accept service on the corporation, and in support, cites Cali-

fornia cases relating to stock transfer and minute books, and holding that the secretary is the proper custodian of these records, and hence the proper party to be addressed in an action to compel inspection thereof by stockholders or surrender thereof to his successor. Such cases do not govern the instant case.

 Appellant has filed a supplemental specification of grounds of appeal, and claims that the scope of the investigation with which the trial court's order directs him to comply amounts to an unreasonable search and seizure under the Fourth Amendment to the United States Constitution. We think otherwise. The request to inspect goes only to records required by law to be kept by the corporation and are reasonable as relevant to the inquiry as to whether the war-time price laws are being obeyed. Appellant cites Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652, but we think the opinion in principle supports the order made by the trial court.

Affirmed.