**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROSEMARY JENSEN AND RANDY JENSEN, | No. 10-16459 |
| Plaintiffs - Appellants, | D.C. No. 3:08-cv-03440-JCS |
| v. | MEMORANDUM[*] |
| COUNTY OF SONOMA, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, District Judge, Presiding

Argued and Submitted June 16, 2011
San Francisco, California

Before: BYBEE, and MURGUIA, Circuit Judges, and EZRA, District Judge.[**]

Plaintiffs-Appellants Rosemary and Randy Jensen ("the Jensens") appeal the

district court's grant of summary judgment to the County of Sonoma ("the

County") on the Jensens' 42 U.S.C. § 1983 claims asserting various constitutional

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

violations. The claims arise from a hearing held by the County to abate various of the Jensens' uses of 50 Sonoma Mountain Road, a "Diverse Agricultural" zoned property that the County had determined to be in violation of county zoning ordinances. Because the history of the case is familiar to the parties, we need not recount it in its entirety here.

As an initial matter, the County's claims were not barred by the doctrine of res judicata or claim preclusion under the holding in *Miller v. County of Santa Cruz*, 39 F.3d 1030 (9th Cir. 1994), because the Appellants, unlike the appellant in *Miller*, sought a writ of mandate under California Code of Civil Procedure § 1094.5.

The Court affirms the district court's ruling that the county ordinance at issue in this case is not unconstitutionally vague. Section 26-08-020 of the Sonoma County Code sets forth permitted uses for land zoned as "Diverse Agricultural." The code section is amply detailed and, when viewed in the context of the entire ordinance, a reasonable person can discern that the storage of non-operative vehicles, the operation of a junkyard, or a truck or equipment terminal or depot are not permitted uses for such land. *See*, *e.g.*, *Turning Point, Inc. v. City of Caldwell*, 74 F.3d 941, 944 (9th Cir. 1996).

We also affirm the district court's ruling that the County did not violate the

Jensens' substantive due process rights. Because the Jensens do not assert that they belong in a protected class, they must establish that: 1) they are a member of an identifiable class; 2) that they were intentionally treated differently from others similarly situated; and 3) that there is no rational basis for the difference in treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The County's actions comport with equal protection if there is "any reasonably conceivable state of facts that could provide a rational basis for the classification." *See SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002) (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)).

Even assuming the Jensens could satisfy the other requirements under the test, they failed to establish that the County lacked a rational basis for having complaint-driven enforcement of an ordinance or for prohibiting the outdoor storage of non-operative vehicles while allowing the indoor storage of such vehicles, the outdoor storage of operative vehicles, and the outdoor storage of historic vehicles. While a complaint-driven system of enforcement could theoretically leave some unreported violations unabated, an efficient allocation of limited enforcement resources provides a rational basis for a complaint-based system. *Cf. Rosenbaum v. City and Cnty. of San Francisco*, 484 F.3d 1142, 1155 (9th Cir. 2007) ("[T]he police may legitimately respond to citizen complaints and

3

stop excessive amplified sound, especially if unpermitted."). And the County's stated environmental concerns are sufficient to justify its distinction between the outdoor storage of non-operative vehicles and other permitted vehicle storage.

The County also had a rational basis for concluding that the Jensens did not have a protected grandfathered use of their property pursuant to *Hansen Brothers Enterprises, Inc. v. Board of Supervisors*, 12 Cal. 4th 533 (1996). The County could only have committed a substantive due process violation in denying the Jensens' grandfathered use if it "could have had no legitimate reason for its decision." *Richardson v. City and Cnty. of Honolulu*, 124 F.3d 1150, 1162 (9th Cir. 1997) (quoting *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1234 (9th Cir. 1994)). The County concluded that the Jensens' use of the property for extensive car storage did not predate the 1975 ordinance based on an aerial photo showing that the property was not being used in that way in 1980. The County's reliance on the 1980 photograph provided a legitimate basis for its decision.

The Jensens' Fourth Amendment claim, which is based on the order from the County directing them to schedule an inspection confirming abatement, fails because no search or seizure occurred. *Cf. Conner v. City of Santa Ana*, 897 F.2d 1487, 1490-92 (9th Cir. 1990) (finding a Fourth Amendment violation where police, without a warrant, removed automobiles deemed a public nuisance from

4

private property).  Furthermore, given its finding that there was a zoning ordinance violation, the County's order requiring the Jensens to schedule inspection to confirm abatement is reasonable and does not present a Fourth Amendment violation.  *See Sanchez v. Cnty. of San Diego*, 464 F.3d 916, 923–924 (9th Cir. 2006)*; G.H. Love, Inc. v. Fleming*, 161 F.2d 726, 728 (9th Cir. 1947).

The Jensens' claim that they were penalized for seeking a hearing in violation of their First Amendment right to petition the government for redress also lacks merit.  As the district court noted, there is no evidence in the record – including on the penalty sheet – to support the Jensens' claim that they were penalized for either seeking or participating in the hearing.  The Jensens' due process claim, which is also based on the penalty sheet, also lacks basis and support in the record.  The penalty sheet provides parameters and limitations for the administrative officer to make a penalty calculation, and the Jensens had an opportunity to be heard at the hearing.  *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).  Therefore, the district court's ruling dismissing these claims is also affirmed.

The district court's order granting the County's motion for summary judgment is AFFIRMED.